UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

| | |
|---|---|
| MICHAEL U. JAMES, | Case No. 4:18-cv-11135 |
| | Hon. Linda V. Parker |
| | Magistrate David R. Grand |
| Plaintiff, | |
| vs. | |
| INFRASOURCE, LLC, *a Delaware corporation*, | |
| Defendant. | |

_____/

| | |
|---|---|
| Brian J. Farrar (P79404) | Margaret Carroll Alli (P38281) |
| Raymond J. Sterling (P34456) | Michael D. Mitchell (TX #00784615) |
| Sterling Attorneys at Law, P.C. | Ogletree, Deakins, Nash, |
| Attorneys for Plaintiff | Smoak & Stewart, PLLC |
| 33 Bloomfield Hills Parkway, Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, Michigan 48304 | 34977 Woodward Ave., Ste. 300 |
| (248) 644-1500 | Birmingham, MI 48009 |
| bfarrar@sterlingattorneys.com | (248) 593-6400 |
| rsterling@sterlingattorneys.com | michael.mitchell@ogletree.com |
| | meg.alli@ogletree.com |

_____/

**PLAINTIFF'S MOTION *IN LIMINE* (1) TO EXCLUDE NOTES, OPINIONS AND FINDINGS FROM THE EEOC; AND (2) EVIDENCE OF PLAINTIFF'S WORKERS COMPENSATION CLAIM**

Plaintiff Michael U. James, by his attorneys Sterling Attorneys at Law, P.C., moves *in limine* to exclude: (1) notes, opinions, and findings from the U.S. Equal Employment Opportunity Commission ("EEOC"); and (2) evidence of plaintiff's workers compensation claim that he filed against defendant.

Pursuant to ED MI LR 7.1(a) and this Court's Case Management and Scheduling Order, undersigned counsel certifies that he communicated with opposing counsel on April 7, 2022 and April 14, 2022, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief sought, and opposing counsel has expressly refused such concurrence.

                                        Respectfully submitted,

                                        STERLING ATTORNEYS AT LAW, P.C.

                                        By: /s/Brian J. Farrar
                                                 Brian J. Farrar (P79404)
                                                 Attorney for Plaintiff
                                                 33 Bloomfield Hills Pkwy., Ste. 250
                                                 Bloomfield Hills, MI 48304
                                                 (248) 644-1500

Dated: April 15, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL U. JAMES,

          Plaintiff,

vs.

INFRASOURCE, LLC, *a Delaware corporation*,

          Defendant.

Case No. 4:18-cv-11135
Hon. Linda V. Parker
Magistrate David R. Grand

_____/

Brian J. Farrar (P79404)
Raymond J. Sterling (P34456)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
bfarrar@sterlingattorneys.com
rsterling@sterlingattorneys.com

Margaret Carroll Alli (P38281)
Michael D. Mitchell (TX #00784615)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, PLLC
Attorneys for Defendant
34977 Woodward Ave., Ste. 300
Birmingham, MI 48009
(248) 593-6400
michael.mitchell@ogletree.com
meg.alli@ogletree.com

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
(1) TO EXCLUDE NOTES, OPINIONS AND FINDINGS FROM THE EEOC; AND (2) EVIDENCE OF PLAINTIFF'S WORKERS COMPENSATION CLAIM**

## CERTIFICATION UNDER E.D. MICH. LR 5.1(a)

I, Brian J. Farrar, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides and bottom; consecutive page numbering; and type size of all test and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/Brian J. Farrar

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ...................................................... ii

CONTROLLING AUTHORITY ............................................................... iii

INDEX OF AUTHORITIES ..................................................................... iv

INTRODUCTION .................................................................................. 1

LAW AND ANALYSIS ........................................................................... 1

    I.    The Court should exclude any opinions, notes, or findings from the EEOC ............................................................. 2

    II.    The Court should exclude evidence of plaintiff's workers compensation claim ................................................... 4

RELIEF REQUESTED ............................................................................. 6

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should exclude the opinions, notes, and findings from the U.S. Equal Employment Opportunity Commission in response to plaintiff's charge of discrimination.

2. Whether this Court should exclude the evidence of plaintiff's workers compensation claim case against defendant.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FRE 401-403

*EEOC v Ford Motor Co*, 98 F3d 1341 (6th Cir 1996)

# INDEX OF AUTHORITIES

## Case Law

*Bruce v Levy Premium Foodservice Ltd P'ship*, 2019 WL 11704226, at *3
  (MD Tenn, Apr 2, 2019) ................................................................................ 3
*Chandler v Roudebush,* 425 US 840 (1976) ....................................................... 3
*Duncan v Quality Steel Prod, Inc*, 2008 WL 8748940, at *1
  (ED Mich, Jan 8, 2008) ................................................................................. 4
*EEOC v Ford Motor Co*, 98 F3d 1341 (6th Cir 1996) ........................................ 3
*Karlik v Colvin*, 2014 WL 2095352, at *4 (ED Mich, May 20, 2014) ............... 4
*Luce v United States,* 469 US 38 (1984) ............................................................. 2
*Rogers v Wal-Mart Stores E, LP*, 2008 WL 656078, at *5
  (ED Tenn, Mar 6, 2008) ................................................................................ 4
*Sanders v UAW Loc 12 (Jeep Unit)*, 2008 WL 5111089, at *1
  (ND Ohio, Dec 1, 2008) ................................................................................ 5
*Watts v United Parcel Serv*, 2013 WL 4776976, at *9
  (SD Ohio, Sep 5, 2013) ................................................................................. 5
*Williams v Nashville Network,* 132 F3d 1123 (6th Cir 1997) ............................ 3
*Younis v Pinnacle Airlines, Inc*, 610 F3d 359 (6th Cir 2010) ............................ 2

## Statutes, Court Rules, Misc.

42 USC 2000e-5(e)(1) ......................................................................................... 2
FRE 103(c) ........................................................................................................... 2
FRE 401 ............................................................................................................... 2
FRE 402 ............................................................................................................... 2
FRE 403 ............................................................................................................... 2
FRE 803(8)(C) ..................................................................................................... 3

# INTRODUCTION

This is a race discrimination case arising out of plaintiff's employment with defendant. The claims to be tried are whether defendant unlawfully subjected plaintiff to a hostile work environment and failed to promote him due to his race.

Prior to filing suit, plaintiff exhausted his administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). On or about January 11, 2018, the EEOC issued plaintiff a notice that it had concluded its investigation without determining whether plaintiff's employer violated any laws. For the reasons set forth in Section I, below, plaintiff now moves to preclude the introduction of evidence related to any opinions, notes or findings by the EEOC on the grounds that it is not relevant and unduly prejudicial.

Additionally, plaintiff seeks to exclude evidence of a workers compensation claim he made against defendant due to a physical injury he sustained on the job. As explained in Section II, below, the workers compensation case is not relevant to any claims in the instant lawsuit and the parties stipulated that it has no bearing on plaintiff's damages.

# LAW AND ANALYSIS

A trial court has inherent authority to manage the course and direction of the trial before it, including the power to exclude irrelevant, inadmissible, or

1

prejudicial evidence through its in limine rulings. *Luce v United States,* 469 US 38, 41, n 4 (1984), citing FRE 103(c).

FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." FRE 402 provides that relevant evidence is generally admissible, while irrelevant evidence is generally inadmissible. FRE 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury; or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."

I. **The Court should exclude any opinions, notes, or findings from the EEOC.**

An employee alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. See *Younis v Pinnacle Airlines, Inc*, 610 F3d 359, 361 (6th Cir 2010) citing 42 USC 2000e-5(e)(1). In this case, plaintiff filed his charge of discrimination with the EEOC on or about September 18, 2017 (**EX A**, EEOC Charge). In response to plaintiff's charge of discrimination, the EEOC assigned an investigator and on January 11, 2018, it issued plaintiff a Dismissal and Notice of Rights (**EX B**, EEOC

Dismissal and Notice of Rights). The Dismissal and Notice of Rights stated as follows:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

*Id*.

Administrative findings in an employment discrimination claim may be admitted as evidence under FRE 803(8)(C) as an exception to the hearsay rule. See *Chandler v Roudebush,* 425 US 840, 863 n 39 (1976). However, this Circuit has held that an "EEOC cause determination carries an evidentiary value of practically zero." *EEOC v Ford Motor Co*, 98 F3d 1341, *10 (6th Cir 1996); *Williams v Nashville Network,* 132 F3d 1123, 1129 (6th Cir 1997) (finding "no abuse of discretion in the district court's decision to exclude [an] EEOC letter" from evidence where there was "little if any basis for the district court to conclude that the report had any probative value").

Here, any notes, opinions, or findings of the EEOC have no probative value and could confuse the jury and prejudice plaintiff. Even though the EEOC explicitly stated in its dismissal notice that by closing its investigation it is not certifying the employer is in compliance with anti-discrimination statutes, a jury could nevertheless infer that because the EEOC closed its investigation, plaintiff's claims lack merit. That is why courts in this circuit routinely grant

3

motions in limine to exclude such findings from the EEOC. *Bruce v Levy Premium Foodservice Ltd P'ship*, 2019 WL 11704226, at *3 (MD Tenn, Apr 2, 2019) (granting plaintiff's motion in limine to exclude evidence or testimony regarding any findings and/or conclusions formed by personnel employed by the EEOC resulting from its investigation into plaintiff's complaint, including the EEOC's Dismissal and Notice of Rights decision); *Karlik v Colvin*, 2014 WL 2095352, at *4 (ED Mich, May 20, 2014) (granting plaintiff's motion to exclude EEOC determinations); *Duncan v Quality Steel Prod, Inc*, 2008 WL 8748940, at *1 (ED Mich, Jan 8, 2008) (same); *Rogers v Wal-Mart Stores E, LP*, 2008 WL 656078, at *5 (ED Tenn, Mar 6, 2008) ("the existence of any determination or findings of the EEOC is excluded").

At trial, it will be up to the jury – not the EEOC – to determine whether the facts establish that defendant violated plaintiff's rights. Since any notes, opinions, or findings of the EEOC lack probative value and risk unfair prejudice to plaintiff, the Court should exclude this evidence from trial.

## II. The Court should exclude evidence of plaintiff's workers compensation claim.

Plaintiff sustained a workplace injury while employed by defendant and filed a workers compensation claim with Michigan's Workers' Disability Compensation Agency. That workers compensation claim has nothing to do with the issues in this lawsuit. In fact, when the parties resolved the workers

4

compensation claim they stipulated that not only would plaintiff's claim have no impact on his civil lawsuit, the fact that plaintiff resolved it would also be inadmissible in the civil lawsuit. Due to the confidential nature of the parties' resolution of the workers compensation claim, plaintiff is not attaching his full workers compensation release agreement with defendant, but the relevant portions of the release are excerpted below:

> 2. Nothing herein shall have any impact or effect on my pending civil lawsuit pending in the U.S. District Court for the Eastern District of Michigan, Michael U. James v Quanta Services, Inc., et al case number 4:18-cv-11135 (LVP) (DRG)).
>
> 3. This Release and settlement of my workers compensation claim are inadmissible in my civil lawsuit and shall not restrict my ability to recover any and all damages against Quanta Services, Inc. and/or InfraSource, LLC, that a court or jury may award me in my pending civil lawsuit, including, but not limited to backpay, future wage loss, emotional distress damages, punitive damages, and attorney fees, as well as any injunctive relief such as reinstatement.

Indeed, courts have precluded evidence that a plaintiff made a workers compensation claim against an employer when it has nothing to do with the facts at issue in the case. *Sanders v UAW Loc 12 (Jeep Unit)*, 2008 WL 5111089, at *1 (ND Ohio Dec 1, 2008) (prohibiting discussion of plaintiff's workers' compensation claims or workers' compensation proceedings when it is not relevant to the claims at trial against defendants); *Watts v United Parcel Serv*, 2013 WL 4776976, at *9 (SD Ohio, Sep 5, 2013) (granting plaintiff's motion limine to preclude evidence related to the settlement and cost of her workers' compensation claim).

5

Accordingly, this Court should preclude any reference or testimony concerning the fact that plaintiff filed a workers compensation claim or the outcome of that claim.

## RELIEF REQUESTED

Plaintiff respectfully requests an Order: (1) excluding notes, opinions, and findings from the EEOC; and (2) evidence related to plaintiff's workers compensation claim.

| | |
|---|---|
| **PROOF OF SERVICE**<br><br>I certify that on April 15, 2022, I filed the foregoing paper with the Clerk of the Court using the ECF system, which will electronically send notification to all counsel of record.<br><br>/s/Brian J. Farrar<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>bfarrar@sterlingattorneys.com | Respectfully submitted,<br><br>STERLING ATTORNEYS AT LAW, P.C.<br><br>By: /s/Brian J. Farrar<br>Brian J. Farrar (P79404)<br>Attorney for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500 |