UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL U. JAMES,

       Plaintiff,

v.                                                            Civil Case No. 18-11135
                                                              Honorable Linda V. Parker

QUANTA SERVICES, INC. and
INFRASOURCE, LLC,[1]

       Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* (ECF NO. 36) AND DENYING DEFENDANT'S MOTION *IN LIMINE* (ECF NO. 37)

This civil rights action, filed pursuant to Title VII of the Civil Rights Act of 1964, is pending trial on Plaintiff's claims alleging that he was subjected to a hostile work environment during his employment with Defendant and that he was denied a promotion because of his race. The Court granted summary judgment to Defendant on Plaintiff's claim that he was terminated because of his race. (ECF No. 28.) Currently pending before the Court are the parties' motions *in limine*:

- Plaintiff's motion to exclude notes, opinions, and findings from the Equal Employment Opportunity Commission ("EEOC") and evidence of a worker's compensation claim filed by Plaintiff (ECF No. 36); and

_____

[1] A stipulated order dismissing Quanta Services, Inc. without prejudice was entered on July 6, 2018. (ECF No. 11.)

- Defendant's motion *in limine* to exclude "[o]ther acts or incidents allegedly of the same or similar nature at locations other than Defendant's worksite/warehouse/yard/office in Hamtramck, Michigan, in particular, the alleged incident involving Darnell Cheeks . . ." (ECF No. 37).

Defendant filed a response to Plaintiff's motion.  (ECF No. 39.)  Defendant's motion is fully briefed.  (ECF Nos. 38, 40.)

## Standards of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial.  *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).  "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore alter its ruling during trial.  *Luce*, 469 U.S. at 41-42.  Motions *in limine* may promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."  *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

2

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  "The rules regarding relevancy, however, are quite liberal[.]"  *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998).  Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has *any* tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401 (emphasis added).  The court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'"  *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice."  *Robinson*, 149 F.3d at 514-15 (emphasis in original) (citing Fed. R. Evid. 403).  "Virtually all evidence is prejudicial or it isn't material."  *Id.* at 515 (quoting *Koloda v. Gen. Motors Parts*

3

*Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

## EEOC Evidence

The Sixth Circuit has stated, albeit in an unpublished opinion, that "an EEOC determination carries an evidentiary value of practically zero." *EEOC v. Ford Motor Co.*, No. 95-3019, 1996 WL 557800, at *10 (6th Cir. Sept. 30, 1996). The court therefore held that "a district court does not err as a matter of law by categorically refusing to admit EEOC cause determinations." *Id.* at *12. In *Williams v. Nashville Network*, 132 F.3d 1123 (1997), the Sixth Circuit held that the district court did not abuse its discretion in refusing to admit an EEOC probable cause determination letter where there was no showing of "any persuasive rationale" for its admission. *Id.* at 1129.

These holdings, however, do not preclude the admission of the EEOC's final investigative report or its determinations if the party offering such evidence establishes its relevance and if that relevance is not outweighed by any undue prejudice. *See id.* (quoting *Heard v. Mueller Co.*, 464 F.2d 190, 194 (6th Cir. 1972)) (brackets and ellipsis omitted) ("This court has explicitly ruled that it is 'within the sound discretion of the district court whether . . . to accept the EEOC's final investigation report' in evidence."); *see also Blakely v. City of Clarksville*,

4

244 F. App'x 681, 683 (6th Cir. 2007) (citing *Heard*, 464 F.2d at 194) (holding

that "[a] trial court has the discretion to allow an EEOC determination into

evidence, even though these determinations are not *per se* admissible in all civil

rights suits").  Additionally, these Sixth Circuit's decisions and the additional cases

Plaintiff cites in his motion *in limine* speak specifically to the exclusion of only the

EEOC's determinations rather than all evidence from the EEOC file.  *See, e.g.,*

*Bruce v. Levy Premium Foodservice Ltd. P'ship*, No. 2:16 C 2734, 2019 WL

11704226, at *1 (M.D. Tenn. Apr. 2, 2019) (granting the plaintiff's motion "to

exclude evidence or testimony regarding any findings and/or conclusions formed

by . . . [the EEOC]" where the defendant did not object to the exclusion of this

evidence); *Karlik v. Colvin*, No. 12-cv-14879, 2014 WL 2095352, at *1 n. 1, *4

(E.D. Mich. May 20, 2014) (granting the plaintiff's motion to exclude the EEOC

determination where the defendant indicated that it had no objection); *Duncan v.*

*Quality Steel Products, Inc.*, No. 06-11590, 2008 WL 8748940, at *1 (E.D. Mich.

Jan. 8, 2008) (granting motion to preclude admission of EEOC's final

determination); *see also Rogers v. Wal-Mart Stores East, LP*, No. 1:06-cv-84, 2008

WL 656078, at *5 (E.D. Tenn. Mar. 6, 2008) (excluding the EEOC's determination

and its actions during the underlying investigation, without opposition from the

defendant, but allowing the parties to introduce and refer to the plaintiff's

5

statements on the EEOC charge form and the date of its filing).  It appears that

Defendant does not intend to offer the EEOC's determination as evidence at trial,

but wants to use the EEOC Charge of Discrimination, which Plaintiff signed on

September 18, 2017.  (*See* ECF No. 38 at Pg ID 802.)

According to Defendant, the charge form is relevant because, on it, Plaintiff

did not allege a hostile work environment or mention the promotion decision, and

he identified the date of his termination as the only date of alleged discrimination.

(*Id.*)  Defendant argues that "Plaintiff's glaring omissions are probative and

relevant as they have a tendency to make Plaintiff's remaining claims less

probable."  (*Id.*)  Defendant also notes that the evidence "is probative of the

threshold question whether Plaintiff had properly exhausted his administrative

remedies with respect to the remaining claims in this matter."  (*Id.* at n.3.)

At this time the Court is inclined to allow Defendant to use the EEOC

Charge of Discrimination to impeach Plaintiff's testimony relevant to his hostile

work environment and failure to promote claims.  Prior inconsistent statements are

a valid form of impeachment.  Fed. R. Evid. 613, 801(d)(2).  "[I]f the prior

statement omits a material fact presently testified to and it would have been natural

to mention that fact in the prior statement, the statement is sufficiently

inconsistent."  2 McCormick on Evidence § 34; *Jenkins v. Anderson*, 447 U.S. 231,

6

239 (1980) ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted."); *see also United States v. Fonville*, 422 F. App'x 473, 482-83 (6th Cir. 2011) (admitting statement that omitted details that it would have been "natural" to include).  Defendant, however, may not now argue that Plaintiff failed to exhaust his hostile work environment or failure to promote claim.

The exhaustion of administrative remedies with the EEOC is not a jurisdictional requirement for filing a claim under Title VII.  *See Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 856 (6th Cir. 2013).  As such, "exhaustion requirements . . . are subject to waiver, estoppel, and equitable tolling." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  The Sixth Circuit has stated that "[t]he exhaustion of administrative remedies is a condition precedent to a Title VII . . . action."  *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) (citing *Zipes*, 455 U.S. at 392-98).  Pursuant to the Federal Rules of Civil Procedure, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.  But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Fed. R. Civ. P. 9(c).

7

In his Complaint, Plaintiff alleged that he timely filed this action after receiving the right-to-sue letter, which was mailed on January 11, 2018.  (*See* ECF No. 1 at Pg ID 2, ¶ 6.)  Defendant answered by admitting this statement and then stating as an affirmative defense that "Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies."  (ECF No. 10 at Pg ID 32, 38.)  But Defendant did not state with particularity, as required by Rule 9(c), how Plaintiff failed to exhaust his administrative remedies.  At no time prior to filing its response to Plaintiff's motion *in limine* has Defendant asserted or argued that Plaintiff failed to exhaust his administrative remedies as to his hostile work environment or failure to promote claim.  The fact that Defendant waited four years after this case was filed to state with specificity that these claims were not administratively exhausted "will not be overlooked."  *See Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360, 1370 (M.D. Ga. 2002) (concluding that the defendant waived its right to assert that the plaintiff failed to exhaust administrative remedies with respect to his Title VII claim where it did not deny the condition with specificity in its answer and waited to raise the issue in its summary judgment motion filed two years after the case was filed); *see also Andazola v. Logan's Roadhouse, Inc.*, No. cv-10-5-316, 2013 WL 1834308, at *8-9 (N.D. Ala. Apr. 29, 2013) (concluding that the "defendant waived the lack of

8

exhaustion of administrative remedies defense by failing to litigate that defense prior to filing its motion *in limine*."); *Murphy v. Kmart Corp.*, No. CIV. 07-5080, 2011 WL 13353145, at *3-5 (D.S.D. Dec. 16, 2011) (finding the defendant's denials insufficient to satisfy the "particularity" requirement of Rule 9(c) and that it waived its right to challenge the plaintiff's exhaustion of his administrative remedies by "simply wait[ing] too long to raise the issue"); *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010-11 (11th Cir. 1982) (finding that by waiting until after trial to assert that the plaintiff's EEOC complaint was not timely filed, the defendant waived its right to raise this claim). Defendant waived the defense of exhaustion of administrative remedies.

### Worker's Compensation Case

The parties stipulated that Plaintiff's worker's compensation case has no bearing on his claim for damages (*see* ECF No. 36 at Pg ID 775) and Defendant does not oppose the exclusion of evidence showing that Plaintiff settled and released his worker's compensation claim (*see* ECF No. 38 at Pg ID 804 n.5). Defendant nevertheless argues that evidence concerning the case is relevant because Plaintiff sought compensation for a condition and related pain he allegedly suffered for two years, but had not reported to Defendant and only raised post-termination. According to Defendant, Plaintiff's worker's compensation claim is

"relevant on the issue of Plaintiff's motives for bringing action against [Defendant]."  (ECF No. 38 at Pg ID 804.)  Defendant seems to be contending that Plaintiff manufactured the allegations supporting his worker's compensation claim, making it more likely that he similarly contrived the allegations supporting the pending claims here.

The two matters, however, are completely unrelated.  Moreover, to make the worker's compensation evidence evenly remotely relevant, Defendant will have to show that the basis for the claim was false.  This will result in a minitrial with respect to the merits of Plaintiff's worker's compensation case that will unnecessarily prolong the trial.  The cases cited by Defendant are not on point and do not convince the Court that this evidence should be allowed.

### Evidence of Other Acts or Incidents

Defendant seeks to preclude Plaintiff from introducing the following evidence:

> Other acts or incidents allegedly of the same or similar nature at locations other than Defendant's worksite/warehouse/yard/office in Hamtramck, Michigan, in particular, the alleged incident involving Darnell Cheeks, an employee of a sister company (i.e., not Defendant InfraSource) and his Caucasian co-workers at a sister company's Toledo Office in May 2017.

10

(ECF No. 37 at Pg ID 783.)  As there is no indication that there is any other incident aside the one involving Mr. Cheeks, the Court will focus on that.  If Plaintiff seeks to offer any other incident or act, the Court will rule on its admissibility once it receives more information to adjudge its admissibility—as well as Defendant's assertion that Plaintiff waived the opportunity to oppose its requested exclusion.  (*See* ECF No. 40 at Pg ID 823 n.1.)

Mr. Cheeks, who is African American, worked at a Toledo facility operated by Defendant's sister company.  Plaintiff was the Safety Manager assigned to Mr. Cheek's worksite and was responsible for investigating incidents that occurred there.  In May 2017—which was around the time of the incidents that form the basis of Plaintiff's pending claims—Mr. Cheeks telephoned Plaintiff to report that he had been assaulted by two Caucasian co-workers.  Plaintiff claims that Butch McAreavy, Defendant's Director of Operations from Michigan and Ohio, ordered Plaintiff to "stand down" and not investigate the incident.

McAreavy went to Toledo and met with the employees involved in the incident and was told by one of the Caucasian employees that he had to intervene between Mr. Cheeks and the other Caucasian employee when things became physical between them.  Mr. Cheeks told McAreavy that one of the Caucasian co-

11

workers put his hands on him.  Nobody was ultimately disciplined in connection with the incident.

When responding to Defendant's summary judgment motion, Plaintiff referred to the incident to show that he was terminated because of his race rather than the reason provided by Defendant (i.e., charging at another employee). Plaintiff argued that the Caucasian employee who put his hand on Mr. Cheeks engaged in similar conduct as Plaintiff but, unlike Plaintiff, was neither terminated nor disciplined.  Plaintiff acknowledges that the incident involving Mr. Cheeks is no longer relevant to prove that he was wrongfully terminated, as that claim did not survive summary judgment.  (ECF No. 39 at Pg ID 816.)  Plaintiff asserts, however, that the "harassment" of Mr. Cheeks can be considered when deciding whether Plaintiff was subjected to a hostile work environment and is evidence of the same supervisor discriminating against African American employees.  (*Id.* at 816-18.)

The Sixth Circuit has "ma[d]e clear" that "evidence of other acts of harassment of which a plaintiff becomes aware during . . . his or her employment, even if the other acts were directed at others and occurred outside of the plaintiff's presence[,]" are relevant. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 335 (2008).  Plaintiff was indisputably aware of the Cheeks incident.  A reasonable

12

juror could view the incident—where Caucasian workers' alleged mistreatment of an African-American employee was ignored—as further evidence in support of Plaintiff's claims.  This is particularly so where the same supervisor, Mr. McAreavy, handled the Cheeks incident, oversaw Plaintiff's workplace, and was allegedly involved in the decision not to promote Plaintiff.  Evidence showing that Mr. McAreavy was racially biased is relevant and admissible.

For these reasons, the Court concludes that Plaintiff should be allowed to introduce the incident involving Mr. Cheeks as evidence.

### Conclusion

For the reasons stated, the Court is **GRANTING IN PART AND DENYING IN PART** Plaintiff's motion *in limine* (ECF No. 36) in that Defendant may offer only certain evidence from the EEOC proceedings and only in accordance with the guidelines discussed in this decision.  For the reasons stated, the Court is **DENYING** Defendant's motion *in limine*.  (ECF No. 37.)

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: May 24, 2022

13